RHAMA E. PHILBRICK AND GLADYS E. PHILBRICK, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89249. Filed August 17, 1962.

667

*Christy C. Adams, Esq.*, and *Alfred M. Strout, Esq.*, for the petitioners.

*Raoul E. Paradis, Esq.*, for the respondent.

OPINION.

Arundell, *Judge:* Respondent determined a deficiency in income tax for the calendar year 1957 in the amount of $24,148.44.

Petitioners assign as error the following:

A. The Commissioner has erred in disallowing as a deduction from the petitioner's gross income for the taxable year ended December 31, 1957 the amount of $70,625.67 representing the basis of good will included in the sale of the taxpayers' business in 1957.

All of the facts are stipulated.

Petitioners are husband and wife residing in Rockland, Maine. They filed their joint Federal income tax return for the calendar year 1957 with the district director of internal revenue for the district of Maine.

At all times material hereto, petitioners kept their books and filed their joint Federal income tax return on the cash basis and their taxable year was the calendar year.

Superior Gas & Oil Co., Inc., of Rockland, Maine, sometimes referred to herein as Superior, was organized as a corporation on February 11, 1933, under the laws of the State of Maine, with authorized capital stock and common stock of 100 shares each, no-par value, for the purpose of distributing gasoline and oil. At that time the petitioners herein and Eugene H. Philbrick (Rhama's father) were issued 1 share each of common stock. Eugene died in August 1947. During the taxable year 1957 the outstanding capital stock of Superior consisted of 99 shares of common stock, owned 97 shares by Rhama, 1 share by his wife, and 1 share by petitioners' daughter Madeline G. Philbrick.

On February 8, 1957, the directors of Superior adopted a plan of complete liquidation and dissolution which was approved by its shareholders on February 9, 1957. On March 8, 1957, petitioners' attorney addressed a letter to the respondent enclosing certified copies of the special meetings of the directors and stockholders held on February 8 and 9, in which letter the respondent was advised in part as follows:

Both meetings approve a plan of complete liquidation of the said company [Superior] and are in compliance with Section 337 of the Internal Revenue

**668**

Code. Since the date of the meetings, an agreement to buy and sell from a buying corporation has been executed and all assets have been transferred to the buying corporation as of February 25, 1957. * * *

The purpose of forwarding these papers to you is to give your department notice that we are complying with Section 337 of the Internal Revenue Code. * * *

In Schedule D of their joint return for the taxable year 1957 petitioners reported the amount of $373,996.59 as cash and/or property received by them upon complete liquidation of Superior during 1957 under section 337 of the 1954 Code in exchange for 98 shares of the common stock of Superior. Also in Schedule D petitioners reduced the amount received by $102,278.61 and reported a net long-term gain of $271,717.98 computed as follows:

| | | |
|---|---|---|
| Cash received | | $314,219.40 |
| Property received | | 59,777.19 |
| Total received | | 373,996.59 |
| Less: | | |
| Cost of stock surrendered by taxpayer and wife | $21,772.22 | |
| Taxpayer's portion of cost of life insurance policies reassigned to him (premiums paid in prior years, etc.) | 3,580.72 | |
| Value of goodwill determined under ARM #34 (per schedule attached) | 70,625.67 | |
| Expense of sale (legal and documentary stamps) | 6,300.00 | 102,278.61 |
| Net long-term gain | | 271,717.98 |

The respondent, in his determination of the deficiency, increased the net long-term gain from $271,717.98, as reported by petitioners, to an amount of $368,311.76, computed as follows:

| | | |
|---|---|---|
| Net long-term gain as reported | | $271,717.98 |
| Add: | | |
| a. Goodwill | $70,625.67 | |
| b. Expense of sale | 6,300.00 | |
| c. Cash | 19,668.11 | 96,593.78 |
| Net long-term gain as corrected | | 368,311.76 |

In arriving at the net long-term gain as corrected, respondent also determined that petitioners' adjusted basis of the 98 shares of stock exchanged was $25,352.94 which was made up of the two amounts of $21,772.22 and $3,580.72 stated by petitioners in Schedule D of their return, *supra*.

Petitioners concede that they are not entitled to the expense of sale of $6,300 and that the total amount received of $373,996.59 as reported by them in Schedule D was understated by additional cash received of $19,668.11, and that the correct total amount received was $393,664.70 ($373,996.59 plus $19,668.11).

Regarding the above-mentioned item of goodwill of $70,625.67 claimed by petitioners and disallowed by respondent, paragraph 7 of the stipulation of facts is as follows:

7. Petitioners included as part of their basis of stock held in the Superior Gas & Oil Co., Inc., for purposes of determining gain on the liquidation of said corporation an amount of $70,625.67 as computed in Schedule D of their 1957 return. Petitioners in their petition have increased this amount to $75,829.80 as reflected in Exhibit C attached to their petition. The amount noted claimed by petitioners represents the good will of the Superior Gas & Oil Co., Inc., as computed by petitioners. Respondent disallowed this addition to petitioners' basis of stock redeemed pursuant to the corporate liquidation for the reason that it does not represent a part of the cost of stock to petitioners. The remaining basis of petitioners' stock, after deduction of the $75,829.80, namely, $25,352.94, is not contested by respondent.

The sole issue here is whether in computing the gain to the stockholders of Superior under sections 331[1] and 1001,[2] I.R.C. 1954, the "adjusted basis" provided in section 1011, I.R.C. 1954,[3] of petitioners' 98 shares of Superior stock should be increased by the value or cost basis of goodwill, if any, of Superior which was transferred to the buying corporation as of February 25, 1957.

We are not concerned with what the value or cost basis was to the corporation. That is not material in this proceeding. What is material here is the determination of the *cost basis to petitioners* of their 98 shares of stock in Superior. Petitioners in Schedule D of their return reported this cost at $21,772.22. The respondent increased it to $25,352.94 by including the amount of $3,580.72 set out in Schedule D and with which we are not here concerned. In any event, it is our opinion and we hold that petitioners are not entitled to increase the cost basis of their stock in Superior by any amount for goodwill owned by Superior which Superior sold or transferred to the buying corporation as of February 25, 1957. Any cost basis of such goodwill would be material to Superior if a gain or loss were being determined for Superior on the sale or transfer to the buying corporation. But no such gain or loss is involved for the reason that under the plan of complete liquidation of Superior adopted on Feb-

---

[1] SEC. 331. GAIN OR LOSS TO SHAREHOLDERS IN CORPORATE LIQUIDATIONS.
  (a) GENERAL RULE.—
    (1) COMPLETE LIQUIDATIONS.—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock.
[2] SEC. 1001. DETERMINATION OF AMOUNT OF AND RECOGNITION OF GAIN OR LOSS.
  (a) COMPUTATION OF GAIN OR LOSS.—The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 1011 for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized.
[3] SEC. 1011. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.
  The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis (determined under section 1012 * * *
SEC. 1012. BASIS OF PROPERTY—COST.
  The basis of property shall be the cost of such property, except * * *

ruary 8 and 9, 1957, "no gain or loss shall be recognized" to Superior under section 337 of the 1954 code.

We sustain the respondent's determination.

*Decision will be entered for the respondent.*